# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DERRICK WARREN,

    Plaintiff,

v.

JULIAN BRANTLEY,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-45

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Dooly State Prison in Unadilla, Georgia, submitted a Complaint in the above-captioned action pursuant to 42 U.S.C. § 1983 contesting actions taken by Julian Brantley, Plaintiff's landlord. (Doc. 1.) For the reasons set forth below, Plaintiff has failed to set forth a claim upon which relief may be granted. Consequently, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2.) Furthermore, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE**, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff filed this Complaint against Julian Brantley, Plaintiff's landlord, on June 6, 2016 for an event occurring on September 14, 2014. (Doc. 1.) Plaintiff contends that he and Defendant had an agreement, beginning July 2014, allowing Plaintiff to do yardwork on Defendant's rental properties as part of his rent. (Id. at p. 5.) On the morning of September 14, 2014, Plaintiff was doing yardwork and fell in a "deep hole and twisting [sic] and broke my left leg." (Id.) As a result of the accident, Plaintiff had extensive surgery and could not get up for

about ten months. (Id.) Plaintiff alleges that Defendant did not provide any compensation to Plaintiff for the accident and, furthermore, began to threaten Plaintiff with eviction around October 2015. (Id.) Plaintiff requests that the Court grant relief for his pain and suffering, medical expenses, lost wages, and embarrassment. (Id. at p. 6.)

**DISCUSSION**

**I.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether Plaintiff's Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Moreover, the Court cannot supply essential elements of a claim for a pro se plaintiff if these facts are not initially pleaded in the complaint. See, e.g., Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency accorded to pro se pleadings "does not require

or allow courts to rewrite an otherwise deficient pleading in order to sustain an action") (citation omitted).

After careful consideration of all of the pleadings in this case, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

**II.     Claims Against Private Actor**

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. The state-actor requirement traditionally precludes suit against a private party under Section 1983, because a private party may qualify as a state actor for Section 1983 purposes only in "rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals recognizes that a private party may be liable as a "state actor" for a constitutional violation only in the following circumstances: (1) "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution"; (2) "the private parties performed a public function that was traditionally the exclusive prerogative of the State"; or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (alterations in original) (quoting NBC, Inc. v. Comm'cns Workers of Am., 860 F.2d 1022, 1026–27 (11th Cir. 1988)).

Plaintiff's Complaint does not allege facts supporting any of these circumstances. Defendant is an individual landlord, and Plaintiff makes no allegations that Defendant is

affiliated with the state in any way. Accordingly, Plaintiff has failed to allege sufficient facts plausibly suggesting that Julian Brantley is a state actor subject to liability under Section 1983. Therefore, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, and I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim.

### III.   Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1] A certificate of appealablity is not required in this Section 1983 action.

4

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of July, 2016.

R. STAN BAKER  
UNITED STATES MAGISTRATE JUDGE  
SOUTHERN DISTRICT OF GEORGIA